# U.S. BANKRUPTCY COURT
## District of South Carolina

Case Number: **N/A**
Adversary Proceeding Number: **11-80162-dd**

## ORDER GRANTING MOTION TO REMAND

The relief set forth on the following pages, for a total of 4 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**11/30/2011**



Entered: 12/01/2011

David R. Duncan
US Bankruptcy Judge
District of South Carolina

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Bellsouth Telecommunications, LLC d/b/a AT&T Southeast d/b/a AT&T South Carolina,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>Halo Wireless, Inc.,<br><br>　　　　　　　　　　Defendant. | C/A No. 11-80162-dd<br><br><br>**ORDER GRANTING MOTION TO REMAND** |

This matter is before the Court on a Motion for Remand ("Motion") filed by Bellsouth Telecommunications, LLC d/b/a AT&T Southeast d/b/a AT&T South Carolina ("Plaintiff") on November 7, 2011. An Objection to Plaintiff's Motion was filed on November 21, 2011 by Halo Wireless, Inc. ("Defendant"), and a Reply was filed by Plaintiff on November 28, 2011. The Court now makes the following Findings of Fact and Conclusions of Law.

**FINDINGS OF FACT**

In July 2011, Plaintiff filed state commission proceedings against Defendant in South Carolina and various other states, alleging violations of the parties' Interconnection Agreements ("ICAs"). Plaintiff claims primarily that Defendant disguised calls delivered by Plaintiff in order to avoid paying Plaintiff for such calls. On August 8, 2011, Defendant filed a chapter 11 bankruptcy petition in the Eastern District of Texas. Soon thereafter, Defendant attempted to remove the various state commission proceedings, including the proceeding pending in South Carolina, to federal courts in several different states. Judge Rhoades, the bankruptcy judge presiding over Defendant's chapter 11 case, found that the automatic stay did not apply to the state commission proceedings and ordered that such proceedings continue to a conclusion. On November 3, 2011, Judge Campbell, United States District Court Judge for the Middle District

of Tennessee, granted a Motion to Remand filed by Plaintiff in the Tennessee action, remanding the proceeding back to the Tennessee Regulatory Authority.

In this instant proceeding, Plaintiff argues that the proceeding should be remanded to the Public Service Commission of South Carolina ("South Carolina PSC") because the Court lacks jurisdiction over the proceeding. Plaintiff first argues that removal is substantively improper because the proceeding is an administrative proceeding and not a "civil action". Additionally, Plaintiff argues that the South Carolina PSC has exclusive jurisdiction to decide ICA disputes; only after the state commission makes a decision, Plaintiff argues, does the federal court have jurisdiction to review the PSC's decision. Plaintiff further argues that even if the federal court has jurisdiction, the South Carolina PSC has primary jurisdiction, and that this Court should defer to the PSC to decide this issue. Finally, Plaintiff argues that removal to this Court was not proper because the proceeding should have been removed to the District Court, and if the District Court sought to transfer the proceeding to the bankruptcy court after removal to the District Court, such transfer would be improper because the bankruptcy court has no jurisdiction over the issues raised. Defendant responds at length that this proceeding in fact meets the definition of a "civil action", that the South Carolina PSC lacks jurisdiction over the proceeding due to the federal law issues involved, and that therefore remand to the South Carolina PSC is inappropriate.

**CONCLUSIONS OF LAW**

This action, just like the action addressed in Judge Campbell's order, was removed to this Court prior to any adjudication by the South Carolina PSC. Thus, there is no decision or interpretation for this Court, or any other bankruptcy or district court, to review. *See Concord Telephone Exchange, Inc. v. Halo Wireless*, No. 3-11-0796 (M.D. Tenn. Nov. 3, 2011) ("Federal

district courts have jurisdiction to review certain types of decisions by state commissions, and the Telecommunications Act of 1996 . . . provides for judicial review of certain types of determinations by state commissions. . . . Here, however, as noted above, there is no state commission determination to review.") (citing *Southwestern Bell Telephone Co. v. Public Utility Comm'n of Texas*, 208 F.3d 475, 480 (5th Cir. 2000); 47 U.S.C. § 252(e)(6)).  The South Carolina PSC is primarily responsible for enacting and overseeing rates, regulations, terms, and conditions relating to telecommunication service providers and their ICAs.  *See* 47 U.S.C. § 252(e); S.C. Code § 58-9-10 et seq.  As a result, the South Carolina PSC has jurisdiction over the claims presently before the Court, and it is in the best position, with expertise in such matters, to decide this dispute relating to the parties' ICA.  *See id.*  This Court agrees with the reasoning behind Judge Campbell's decision to remand the Tennessee action to the Tennessee Regulatory Authority, and finds the same should be done here.  The remaining arguments presented by the parties do not have to be addressed, as the Court has found that remand is appropriate for the reasons stated above. Plaintiff's Motion to Remand is granted.  The case is remanded to the South Carolina Public Service Commission.

## **CONCLUSION**

For the reasons set forth above, Plaintiff's Motion to Remand is granted.  The case is remanded to the South Carolina Public Service Commission, where it may proceed to a conclusion.

AND IT IS SO ORDERED.